UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

LARRY LEWIS                                                                                                PLAINTIFF

VERSUS                                                                 CIVIL ACTION NO. 1:18CV363-LG-RHW

JOHN DOE I et al                                                                                        DEFENDANTS

**PROPOSED FINDINGS OF FACT AND RECOMMENDATION**

Plaintiff Larry Lewis, proceeding *pro se* and *in forma pauperis*, filed a 42 U.S.C. § 1983 prisoner civil rights complaint alleging that prison employees at the South Mississippi Correctional Institution failed to protect him from assault by gang-affiliated inmates. As their initial responsive pleading, Defendants James Cooksey, Dyna Hartfield, and Regina Reed filed a motion to dismiss based on Plaintiff's failure to exhaust administrative remedies prior to filing his lawsuit. Doc. [21]. Defendant Amber McGee has not been served with process. The summons issued for Defendant McGee was returned unexecuted after the U.S. Marshal attempted service of process on three occasions at the address provided by Plaintiff. Doc. [23]. In turn, Plaintiff has filed a motion for default judgment, arguing that Defendants have not filed an answer. Doc. [26].

Defendants have filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Doc. [21]. They point to Plaintiff's own pleadings to demonstrate that he failed to exhaust administrative remedies. *Id.* at 5, 7. In his response, Plaintiff does not dispute whether he completed the Mississippi Department of Corrections' (MDOC) process for administrative remedies. Rather, he asserts that his grievance was rejected and argues there was "no need to file a second step". Doc. [24].

**Law and Analysis**

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." There are two primary principles that guide the court's determination of whether dismissal under Rule 12(b)(6) should be granted. First, a motion under Rule 12(b)(6) should be granted only if it appears beyond doubt that the plaintiff could prove no set of facts in support of his claims that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Second, the court must accept all well-pleaded facts as true and view them in the light most favorable to the nonmovant. *See Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

Although exhaustion of administrative remedies is an affirmative defense, normally to be pled by a defendant, the Court may dismiss a *pro se* prisoner case if failure to exhaust is apparent on the face of the pleadings. *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007). Exhaustion of administrative remedies through the prison grievance system is a prerequisite for lawsuits filed pursuant to 42 U.S.C. § 1983. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies are exhausted. 42 U.S.C. § 1997e(a). The Fifth Circuit takes a "strict approach" to the exhaustion requirement. *See Johnson v. Ford*, 261 Fed. Appx. 752, 755 (5th Cir. 2008). Exhaustion is mandatory for "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Alexander v. Tippah County, Miss.*, 351 F.3d 626, 630 (5th Cir. 2003).

Dismissal is appropriate where an inmate has failed to properly exhaust the administrative grievance procedure before filing his complaint. *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012).

A prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal". *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006). Merely initiating the grievance process or putting prison officials on notice of a complaint is insufficient to meet the exhaustion requirement. The grievance process must be carried through to its conclusion before suit can be filed under the Prison Litigation Reform Act. *Wright*, 260 F.3d at 358. A properly exhausted claim is one which has "complete[d] the administrative review process in accordance with the applicable procedural rules." *Woodford*, 548 U.S. at 88. Those rules "are defined not by the PLRA, but by the prison grievance process itself." *Jones v. Bock*, 549 U.S. 199, 218 (2007). "[T]he exhaustion requirement hinges on the 'availab[ility]' of administrative remedies." *Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016) (alteration in original). "[A]n inmate is required to exhaust those, but only those, grievance procedures that are 'capable of use' to obtain 'some relief for the action complained of.'" *Id*. at 1859.

The Mississippi Code grants the MDOC the authority to adopt an administrative review procedure at each of its correctional facilities. Miss. Code Ann. § 47-5-801. The MDOC has implemented an Administrative Remedy Program (ARP) through which prisoners may seek formal review of a complaint or grievance relating to any aspect of their incarceration. Effective September 19, 2010, the ARP is a two-step process. *See Yankton v. Epps*, 652 Fed.Appx. 242, 245 (5th Cir. 2016); *Threadgill v. Moore*, No. 3:10cv378-TSL-MTP, 2011 WL 4388832, *3 n.6 (S.D. Miss. July 25, 2011). The two-step ARP process begins when the inmate submits his

written grievance to the prison's legal claims adjudicator within 30 days of the incident of which he complains. The adjudicator screens the grievance and determines whether to accept it into the ARP process; if accepted, the grievance is forwarded to the appropriate official for a First Step Response. *Howard v. Epps*, 2013 WL 2367880, at *2 (S.D. Miss. 2013). If the inmate is dissatisfied with the First Step Response, he may continue to the second step by completing the appropriate ARP form and sending it to the legal claims adjudicator. The Superintendent, Warden or Community Corrections Director issues the final ruling (the Second Step Response). If the inmate remains unsatisfied, he may then file suit in court. The ARP process is complete once the inmate receives the prison official's Second Step Response. *Gross v. Hall*, No. 3:17-cv-494-CWR-FKB, 2019 WL 4397347, at *2 (S.D.Miss. Aug. 2, 2019).

In his complaint, Plaintiff indicated that he filed an ARP grievance, but it was rejected. He attached the ARP request and ARP-1 rejection to his complaint. Doc. [1-3]. Specifically, the ARP request was rejected because "the ARP does not have the authority to award monetary damages of $1,000,000.00. Also, it does not file criminal charges. That is done by the district attorney." *Id.* at 2. After the ARP was rejected, Plaintiff asserted that the "ARP process was complete" and his "next step was filing" a § 1983 complaint. Doc. [1] at 7. In his response to Defendants' motion to dismiss, Plaintiff admits that he did not do anything further to pursue administrative remedies after his ARP was rejected. Doc. [24]. He understood why the grievance was rejected but stated "there was no need to file the second step ARP". *Id.*

Contrary to Plaintiff's assertion, inmates must fully exhaust the administrative process prior to filing a lawsuit. *See Woodford*, 548 U.S. at 85; *Booth*, 532 U.S. at 740. Plaintiff does not argue that rejection of his ARP made the administrative review system unavailable to him. When an inmate's ARP request is rejected at the initial screening stage, such as occurred in this

case, he has the option to refile it in a procedurally proper manner. *See Hinton v. Martin*, No. 3:16-cv-616, 2019 WL 3756480, at *4-5 (S.D.Miss. May 14, 2019). Instead, Plaintiff simply chose to forgo the grievance system and filed a complaint directly with the federal court. Based on Plaintiff's admission that he did not complete the grievance process, the undersigned recommends that Defendants' motion to dismiss be granted.

With respect to Plaintiff's motion for default judgment, the undersigned recommends it be denied. Plaintiff argues that Defendants did not file an answer to his complaint. Defendants Cooksey, Hartfield, and Reed filed a timely motion to dismiss as their responsive pleading; therefore, they are not in default. Defendant McGee has not been served with process; therefore, she has not yet been under an obligation to file an answer. Regardless, Plaintiff's failure to exhaust administrative remedies is apparent from the face of the pleadings. Accordingly, dismissal of the complaint is appropriate. *See Jones v. Bock*, 549 U.S. 199, 214-15 (2007) (holding that courts can dismiss for failure to state a claim when the existence of an affirmative defense, like a statute of limitations bar, is apparent from the face of the complaint); *Carbe*, 492 F.3d at 328.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Defendants' [21] Motion to Dismiss be GRANTED, and that Plaintiff's 42 U.S.C. § 1983 prisoner civil rights complaint be dismissed without prejudice for failure to exhaust administrative remedies. The undersigned further recommends denying Plaintiff's [26] Motion for Default Judgment.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless

the time period is modified by the District Court.  A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections.  Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties.  A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court.  Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

     SO ORDERED AND ADJUDGED, this the 27th day of November 2019.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE