# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**LARRY LEWIS**                                                                                                **PLAINTIFF**

**v.**                                          **CAUSE NO. 1:18CV363-LG-RHW**

**JOHN DOE I; et al.**                                                                               **DEFENDANTS**

## ORDER ADOPTING REPORT AND RECOMMENDATION, GRANTING MOTION TO DISMISS, AND DENYING MOTION FOR DEFAULT JUDGMENT

This cause comes before the Court on the [29] Report and Recommendation of United States Magistrate Judge Robert H. Walker, entered in this cause on November 27, 2019. The defendants in this prisoner civil rights case filed a [21] Motion to Dismiss, which argues that the plaintiff, Larry Lewis, failed to exhaust available administrative remedies before filing his 24 U.S.C. § 1983 action. Plaintiff filed a [26] Motion for Default Judgment, which seeks an entry of default and default judgment against Defendant Amber McGee because she has yet to file an answer in this action. Magistrate Judge Walker determined that the allegations in Lewis's Complaint make clear that he failed to exhaust his claims through the two-step Mississippi Department of Corrections ("MDOC") administrative remedy process ("ARP") before filing this lawsuit. Judge Walker therefore recommends that Defendants' Motion to Dismiss be granted and Lewis's claims be dismissed without prejudice. Lewis filed an [30] Objection to Judge Walker's Report and Recommendation.

A party that files a timely objection is entitled to a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which specific objection is made. *United States v. Raddatz*, 447 U.S. 667, 673 (1980); 28 U.S.C. § 636(b)(1). The objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). Moreover, where the objections are repetitive of the arguments already made to the magistrate judge and the district court finds no error, the court need not make new findings or reiterate the findings of the magistrate judge. *Hernandez v. Livingston*, 495 F. App'x 414, 416 (5th Cir. 2012); *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993).

Lewis seems to make two arguments in his Objection, neither of which undermines Judge Walker's findings, analysis, and recommendation. First, Lewis notes that because "[f]ailure to exhaust is an affirmative defense[,] inmates are not required to specifically plead or demonstrate exhaustion in their complaints." (Pls.' Obj. 3, ECF No. 30.) This is true, but a complaint is nonetheless "subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215-16 (2007); *see also Torns v. Miss. Dep't of Corr.*, 301 F. App'x 386, 388 (5th Cir. 2008). "One way in which a complaint may show the inmate is not entitled to relief is if it alleges facts that clearly foreclose exhaustion. In such a case, the district court may sua sponte dismiss the complaint for failure to state a claim." *Torn*, 301 F. App'x at

388-89 (citing *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007)). The allegations in Lewis's Complaint set forth his own failure to exhaust the ARP process.

Second, Lewis contends that the Eighth Amendment's prohibition on cruel and unusual punishment "should override the PLRA in this case" because "prison official amber mcgee know that their action were unconstitutional." (Pls.' Obj. 1, 3, ECF No. 30. (all sic in original).) But the Supreme Court has made clear that this Court is without discretion to excuse Lewis from the exhaustion requirement, no matter the gravity of the harm alleged: "Exhaustion is no longer left to the discretion of the district court, but is mandatory." *Woodford v. Ngo*, 548 U.S. 81, 84 (2006).

As Judge Walker explained, after Lewis's First Step ARP grievance was rejected, Lewis had the opportunity to refile it in a procedurally proper manner.[1] Instead, by Lewis's own admission, he opted to forgo the ARP grievance system and file this lawsuit. By doing so, Lewis failed to fully exhaust the administrative remedies available to him as an inmate in MDOC custody.

The Court has conducted a *de novo* review of Tolbert's objections to the magistrate judge's findings, the record in this case, and relevant law. For the reasons stated in Magistrate Judge Walker's Report and Recommendation, the defendants' Motion to Dismiss will be granted and Lewis's claims will be dismissed for failure to exhaust administrative remedies.

---

[1] Lewis does not assert or otherwise articulate that the administrative remedy process was unavailable to him. *See Ross v. Blake*, 136 S. Ct. 1850, 1858-60 (2016); *Hinton v. Martin*, 742 F. App'x 14, 15 (5th Cir. 2018).

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [29] Report and Recommendation of United States Magistrate Judge Robert H. Walker, entered in this cause on November 27, 2019, should be, and the same hereby is, adopted as the finding of this Court, and Plaintiff Larry Lewis's [30] Objections are **OVERRULED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the defendants' [21] Motion to Dismiss is **GRANTED** and the plaintiff's [26] Motion for Default Judgment is **DENIED**. The plaintiff's claims brought pursuant to 42 U.S.C. § 1983 are **DISMISSED without prejudice** for failure to exhaust administrative remedies.

**SO ORDERED AND ADJUDGED** this the 12th day of February, 2020.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE